IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARENT FOX LLP,<br>1717 K Street, N.W.<br>Washington, D.C. 20006<br><br>      Plaintiff,<br><br>  v.<br><br>OHEMO LIFE SCIENCES INC.,<br>100 Carr. 198 Km. 14-7<br>Juncos Industrial Park, PR 00777<br><br>      Defendant. | Case No. 1:21-cv-1345 |

## COMPLAINT

Arent Fox LLP ("Plaintiff" or "Arent Fox"), through counsel, hereby brings this Complaint against Ohemo Life Sciences Inc. ("Defendant" or "Ohemo") for legal fees and expenses owed to Arent Fox as a result of work performed by Arent Fox for Defendant during the course of 2020, and in support thereof, respectfully alleges as follows:

## NATURE OF THE CASE

1. Plaintiff is a D.C.-based law firm providing legal services to a wide range of business and individuals. Among many areas, Plaintiff specializes in intellectual property legal services and counseling, including patent and trademark work.

2. At the start of the parties' relationship in May 2020, Defendant and Plaintiff executed a standard engagement agreement (the "Engagement Agreement"), under which Defendant agreed to promptly pay its legal bills upon receipt of monthly invoices.

3. Throughout 2020, Plaintiff provided legal advice and counseling to Defendant concerning the patent and trademark aspects of one of Defendant's products, and issued monthly invoices to Defendant.

4. However, Defendant failed to pay the invoices as required by the Engagement Agreement.

5. As a result of Defendant's failure to pay, Plaintiff has been damaged in the amount of at least $202,630.23, plus interest due, and has had to expend time, resources, and attorneys' fees in order to resolve this dispute.

## THE PARTIES

6. Plaintiff Arent Fox LLP is a limited liability partnership, organized under the laws of the District of Columbia, with its principal place of business at 1717 K Street N.W., Washington, D.C., 20006.

7. Defendant Ohemo Life Sciences, Inc. is a for-profit corporation organized under the laws of the territory of Puerto Rico, with its principal place of business at 100 Carr. 198 Km. 14-7, Juncos Industrial Park, Juncos, PR, 00777. Defendant specializes in the research, development, manufacturing, selling, and distribution of pharmaceutical products.

## JURISDICTION AND VENUE

8. This action arises under D.C. state law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the events or omissions giving rise to the claim occurred in this District, specifically, Defendant's failure to pay Plaintiff for services rendered within this District. Defendant is subject

to personal jurisdiction in this District because it transacted business within the District of Columbia, and it previously consented to jurisdiction. *See* **Exhibit A** at 5.

## FACTUAL ALLEGATIONS

10. On or about May 19, 2020, Defendant engaged Plaintiff to advise it regarding general intellectual property counseling and any other counseling that may arise.

11. The terms of Defendant's retention of Arent Fox are reflected in the Engagement Agreement, dated May 19, 2020. A true and correct copy of the Engagement Agreement is attached hereto as **Exhibit A**. The Engagement Agreement explains that Plaintiff had "been engaged to represent [Defendant] in connection with general intellectual property counseling, as well as any other matters as [Defendant] may specifically request." The Engagement Agreement also discloses both Arent Fox's standard practice of charging by the hour for legal services rendered and the range of hourly rates for attorneys and other professionals likely to provide legal services to Defendant.

12. Defendant accepted the terms and billing arrangements set forth in the Engagement Agreement, as evidenced by the counter-signature of Defendant's President, Arthur M. Deboeck. *See* **Exhibit A** at 2.

13. Following the execution of the Engagement Agreement, Richard Berman, the principal attorney working on Defendant's matters, began performing patent and trademark-related counseling concerning Defendant's research and development of certain products.

14. At all relevant times, the work undertaken by Plaintiff and its attorneys was done with the full knowledge and consent of Defendant, and required a substantial commitment of time from several of Plaintiff's attorneys, including Mr. Berman, associates, paralegals, and other staff.

15. During the period of the inception of the Engagement Agreement on May 19, 2020 through December 28, 2020, Defendant incurred legal fees and expenses totaling approximately $202,630.23. *See* **Exhibit B** (Schedule reflecting past due amounts).[1]

16. The legal fees and expenses billed to Defendant are reasonable, and reflect the substantial commitment of Plaintiff's time and resources on Defendant's behalf.

17. To date, however, Defendant has made no payments to Plaintiff.

18. On January 26, 2021, Plaintiff sent a letter to Arthur M. Deboeck, Defendant's President, demanding payment of the outstanding balance. A true and correct copy of the demand letter is attached hereto as **Exhibit C**.

19. Mr. Deboeck never responded to the demand letter, and to date has not disputed any of Plaintiff's invoices.

## COUNT ONE
### (Breach of Contract)

20. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Plaintiff and Defendant are parties to a valid and enforceable contract pursuant to the Engagement Agreement.

22. The Engagement Agreement specifies that Plaintiff is entitled to prompt payment for services rendered to Defendant, and that Plaintiff's invoices to Defendant were "payable upon receipt."

23. Plaintiff sent such invoices to Defendant on a monthly basis between the operative date of the Engagement Agreement through the end of 2020.

---

[1] The legal fees and expenses due are reflected on the monthly invoices that Plaintiff sent to Defendant. Plaintiff will provide a copy of the past invoices upon request as needed.

24. To date, Defendant has not made a single payment to Plaintiff for services rendered, specifically, certain patent and trademark counseling concerning Defendant's products.

25. Defendant's failure to pay Plaintiff in accordance with the Engagement Agreement constitutes a breach of contract.

26. Defendant's failure to comply with its contractual obligations has resulted in harm to Plaintiff in the amount of approximately $202,630.23, exclusive of interest and costs.

27. The Engagement Agreement further provides that in the event that Defendant fails to pay an invoice within 30 days after the invoice date, interest in the amount of 1% per month, or 12% annually, shall apply. *See* **Exhibit A** at 3.

28. Plaintiff is also entitled to reasonable attorneys' fees award and any "collection costs" incurred during the course of obtaining payment from Defendant. *Id*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant and enter an order:

A. Awarding Plaintiff damages from Defendant for its failure to pay its legal bills, in an amount to be proven at trial, currently estimated to be $202,630.23;

B. Awarding Plaintiff its interest and attorneys' fees as authorized by the Engagement Letter; and

C. Awarding such other and further relief as the Court may deem proper.

Dated:  <u>May 17, 2021</u>                              Respectfully submitted,


                                                          */s/ Jackson D. Toof*
Jackson D. Toof (DC Bar No. 482609)
Morgan R. Pankow (DC Bar No. 1644390)
Arent Fox LLP
1717 K Street, N.W.
Washington, D.C. 20036
Tel: (202) 857-6000
Email: jackson.toof@arentfox.com
         morgan.pankow@arentfox.com

*Counsel for Plaintiff Arent Fox LLP*